UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patti Hussey,                                        Civil No. 24-3679 (DWF/SGE)

                Plaintiff,

v.                                                                           **MEMORANDUM OPINION AND ORDER**

Vantage Financial, LLC,

                Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Vantage Financial, LLC's ("Vantage") motion to dismiss Plaintiff Patti Hussey's amended complaint. (Doc. No. 27.) Hussey, now represented by counsel, opposes the motion. (Doc. No. 40.) For the reasons set forth below, the Court grants in part and denies in part the motion.

## BACKGROUND

Hussey is a 63-year-old Jewish woman living in Minnesota. (Doc. No. 24 "Am. Compl.") ¶ 2.) She worked for Vantage as Managing Director from July 2021 through her termination on April 22, 2022. (*Id.* ¶¶ 11, 26.) Following her termination, Hussey brought this case against Vantage, alleging four causes of action: (1) sexual and religious harassment, discrimination, and retaliation in violation of Title VII (Count I); (2) sexual and religious harassment, discrimination, and reprisal in violation of the Minnesota Human Rights Act ("MHRA") (Count II); (3) age discrimination in violation of Age

Discrimination in Employment Act ("ADEA") (Count III); and (4) violation of the Minnesota Whistleblower Act ("MWA") (Count IV).  (*Id.* ¶¶ 28-50.)

Prior to filing this lawsuit, Hussey engaged in administrative proceedings with the Equal Employment Opportunity Commission ("EEOC") and the Minnesota Department of Human Rights ("MDHR").  On July 13, 2022, Hussey reported alleged age, religion, and sex discrimination to the EEOC.  (*Id.* ¶ 7; Doc. No. 41 ¶ 2, Ex. 1.)[1]  On January 20, 2023, Hussey was interviewed by an investigator with the EEOC.  (Am. Compl. ¶ 7.)  Following this interview, Hussey filed a formal charge with the EEOC on February 20, 2023 (the "February 20th Charge") alleging only sex discrimination.  (Doc. No. 30 ¶ 3, Ex. 1.)[2]  The EEOC eventually transferred the February 20th Charge to MDHR for investigation.  (Am. Compl. ¶ 7.)  MDHR concluded its investigation and issued a determination letter, which Hussey received on August 2, 2024.  (*Id.*)  The EEOC has not yet issued a right-to-sue letter on Hussey's federal claims.  (*See* Doc. No. 41 ¶ 10, Ex. 5.)

---

[1]     On a motion to dismiss, a court may consider certain matters outside of the pleadings, including matters of public record or materials embraced by the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  The Court finds that Hussey's EEOC intake questionnaire (Doc. No. 41 ¶ 2, Ex. 1), as well as her formal EEOC charge (Doc. No. 30 ¶ 3, Ex. 1), the EEOC public portal (Doc. No. 41 ¶ 10, Ex. 5), and the MDHR determination letter (Doc. No. 30 ¶ 8, Ex. 5) are either public records or materials embraced by the amended complaint.  Therefore, the Court may consider them here.

[2]     In the amended complaint, Hussey says she filed an amended charge with the EEOC on February 21, 2023, and does not reference the February 20th Charge whatsoever.  (Am. Compl. ¶ 7.)  There is some confusion about whether Hussey meant to refer to the February 20th Charge but used the wrong date or instead refers to a separate amended charge.  The Court instead relies on the February 20th Charge.

Hussey filed her original complaint on September 16, 2024. (Doc. No. 1.) Hussey served the summons on Vantage[3] on December 16, 2024. (Doc. No. 17.) Hussey amended her complaint on March 4, 2025. (Am. Compl.; Doc. No. 26.) Vantage now moves to dismiss Hussey's amended complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 27.)

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative

---

[3] Hussey served CT Corporation, an agent for Peoples Bancorp. Peoples Bancorp is the parent company of Vantage. Vantage argues that this summons date cannot be attributed to it and that a later date is applicable. The Court need not determine the proper summons date because, as explained below, even December 16, 2024, would be too late under the MHRA. For simplicity, the Court only refers to December 16, 2024.

level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.[4]

## II.   Federal Claims (Counts I and III)

Vantage argues that Hussey's federal claims should be dismissed because she failed to exhaust her administrative remedies prior to filing this case. (Doc. No. 29 at 7.) "Both Title VII and the ADEA require that an employee complaining of discrimination follow administrative procedures before filing a lawsuit in federal court." *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018). To exhaust administrative remedies under Title VII, a plaintiff must (1) timely file a discrimination charge with the EEOC, and (2) receive a right to sue letter. 42 U.S.C. § 2000e-5(b), (c), (e). To exhaust administrative remedies under the ADEA, a plaintiff must (1) timely file a discrimination charge with the EEOC, and (2) wait at least sixty days prior to commencing a civil action based on the contents of that charge. 29 U.S.C. § 626(d).

For a charge to be timely under Title VII or the ADEA where the alleged discrimination occurs in a state like Minnesota, the plaintiff must file it within 300 days

---

[4]   Defendant also moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). That standard is inapplicable to this motion because exhaustion under Title VII and the ADEA is not a jurisdictional prerequisite. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1194 (8th Cir. 2006).

of the last date of alleged discrimination. 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. § 2000e-5(e)(1). Here, the last date of discrimination would be Hussey's termination date, April 22, 2022. Three hundred days after April 22, 2022, is February 16, 2023. Thus, Hussey needed to file a charge with the EEOC by February 16, 2023, to fulfill the timely charge requirement. Hussey filed her formal charge on February 20, 2023, four days late. However, Hussey contends that her intake questionnaire from July 13, 2022, well within the 300-day window, qualifies as a charge under both statutes. Vantage opposes this argument.

"Charge"—as used in Title VII and the ADEA—does not refer solely to a formal Charge of Discrimination. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008); *Ries v. Winona County*, No. 10-cv-1715, 2010 WL 3515722, at *5-6 (D. Minn. July 28, 2010), *report and recommendation adopted*, 2010 WL 3515716 (D. Minn. Aug. 31, 2010). An intake questionnaire may be sufficient. *See Ries*, 2010 WL 3515722, at *5-6. To qualify as a charge, the intake questionnaire must (1) provide the minimum information required by EEOC regulations, and (2) be reasonably construed as a request for the EEOC to take remedial action to protect the plaintiff's rights. *Holowecki*, 552 U.S. at 402; *Ries*, 2010 WL 3515722, at *6.

Here, Hussey's intake questionnaire qualifies as a charge under both statutes. First, the intake questionnaire contains all information required by EEOC regulations, 29 C.F.R. §§ 1601.12(a), 1626.8(a). Second, her submissions can be reasonably construed as a request for the EEOC to take remedial action because she followed up the initial intake questionnaire with later interviews, the submission of a formal charge, and

5

now this lawsuit. *See Ries*, 2010 WL 3515722, at *6 (looking to subsequent actions to interpret the employee's intent based on Tenth Circuit reasoning).

That being said, although Hussey's intake questionnaire suffices to make her charge timely, she cannot rely on it to support claims of age or religious discrimination. EEOC "charges must be interpreted with the utmost liberality," but a subsequent civil action may only be "as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985)). Hussey included age and religious discrimination in her intake questionnaire, but she eliminated that information from the February 20th Charge, which serves as an amended charge under the statute. This changed the scope of the investigation to only sex discrimination. An investigation of age and religious discrimination could not be expected to grow out of a charge solely based on sex discrimination. Hussey suggests that the Court should consider the content of the intake questionnaire, but this runs contrary to typical amendment procedure and the investigation never touched areas of age or religion. Accordingly, Count III is dismissed with prejudice and Count I is dismissed solely as to the theory of religious discrimination, not sex discrimination. The Court continues the exhaustion analysis on just Count I.

On the second prong of exhaustion under Title VII, Vantage argues that Hussey never received a right-to-sue letter so she cannot proceed with Count I. (Doc. No. 29 at 10.) Some courts do not require a right-to-sue letter where the plaintiff took all necessary steps to exhaust their administrative remedies, but the EEOC has not

adequately performed its administrative duties, i.e. issued a right-to-sue letter. *See, e.g., Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 271 (10th Cir. 2001); *Moore v. City of Charlotte*, 754 F.2d 1100, 1104 n.1 (4th Cir. 1985); *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 228-29 (D.D.C. 2010) (collecting cases); *Hillegass v. Borough of Emmaus*, No. 01-cv-5853, 2003 WL 21464578, at *3 (E.D. Pa. June 23, 2003); *see also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (adopting a slightly different exception where a plaintiff may proceed without a right-to-sue letter if they are entitled to one and have not received it, but have received a letter from the appropriate state agency). This exception comes from language in Title VII that requires the EEOC to notify the employee if it has not filed a civil action or entered into a conciliation agreement to which the employee is a party within 180 days of the filing of a charge. 42 U.S.C. § 2000e-5(f)(1). Moreover, EEOC regulations require the EEOC to "promptly issue" a right-to-sue letter any time after the 180-day clock has run if the employee requests one. 29 C.F.R. § 1601.28(a)(1).

  As other courts have reasoned, preventing a plaintiff from moving forward solely because of an agency's failure to follow its own duties would be unfair. The Court finds that when a plaintiff can demonstrate that they are entitled to a right-to-sue letter, but a letter has not been issued, the plaintiff need not obtain a right-to-sue letter and may proceed with their Title VII claim.

  Here, Hussey can demonstrate that she is entitled to a right-to-sue letter because she timely filed a charge with the EEOC and more than 180 days have passed. The parties spent significant time arguing about whether Hussey will ever receive a right-to-

sue letter and speculating about the actions of the EEOC.  The Court does not consider those arguments and related submissions.  Hussey is entitled to a right-to-sue letter but has not received one, so the Court finds that she has exhausted her administrative remedies.  Therefore, she may proceed with her claim of sex discrimination under Title VII.

**III.    MHRA Claim (Count II)**

Vantage argues that Hussey's MHRA claim must be dismissed as time-barred because Hussey did not bring a civil action within the time allowed by the statute.  (Doc. No. 29 at 15.)  The parties dispute what "bring" means in the MHRA, particularly when the plaintiff files a lawsuit in federal court, not Minnesota state court.  Vantage contends that it is the date that the summons is served.  (*Id.*)  Hussey asserts that it is the date that the complaint is filed. (Doc. No. 40 at 17-19.)

The MHRA requires a person to "bring a civil action" within 90 days[5] of receiving a determination letter from the MDHR.  Minn. Stat. § 363A.33, subdiv. 1(1) (2024).  Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court."  Rule 3.01(a) of the Minnesota Rules of Civil Procedure provides that "[a] civil action is commenced against each defendant . . . when the summons is served upon that defendant."  The 90-day limit functions as a

---

[5]    In 2024, the Minnesota Legislature amended the MHRA to allow 90 days instead of 45 days.  *See* Act of May 15, 2024, ch. 105, § 16, 2024 Minn. Laws 1073, 1078.  This amendment went into effect on August 1, 2024.  *See* Minn. Stat. § 645.02.  The parties dispute which version of the MHRA applies here.  The Court does not decide that issue because it finds the MHRA claim is time-barred regardless of which statute applies.  The Court solely refers to the 90-day limit above for the sake of brevity.

8

statute of limitations. Federal courts apply state commencement rules when applying state statutes of limitations. *Walker v. Thielen Motors, Inc.*, 916 F.2d 450, 450 (8th Cir. 1990); *see also Paul v. Am. Red Cross St. Paul*, No. 22-cv-502, 2022 WL 6818262 (D. Minn. Oct. 11, 2022) (dismissing MHRA claims as time-barred based on summons date). Accordingly, the Court uses the summons date to determine whether the MHRA claim is time-barred.

Here, Hussey alleges that she received the MDHR letter on August 2, 2024.[6] That means she needed to serve the summons on Vantage by October 31, 2024. She did not serve the summons until December 16, 2024. Therefore, her claim is time-barred. The Court sympathizes with Hussey's arguments about the difficulties of proceeding *pro se*,

---

[6] The parties dispute whether August 2, 2024, is the proper date for calculating when the 90-day window expired. The Court uses this date because it finds that the summons was served too late even when using this date. If the date of receipt was dispositive, the Court would still use Hussey's alleged date of receipt because it disagrees with Vantage's position on the five-day presumption in Minn. Stat. § 363A.33.

The MHRA states: "receipt of notice is presumed to be five days from the date of service by mail of the written notice." Minn. Stat. § 363A.33 subdiv. 1. Vantage argues that this presumption is automatic, meaning that the Court must ignore Hussey's allegation that she received the determination letter on August 2, 2024, and instead use July 29, 2024, as the date of receipt, five days after the determination letter was sent. (Doc. No. 29 at 14.)

Presume typically means to assume something is true until it can be proven otherwise. *See, e.g.*, *Presume*, *Black's Law Dictionary* (12th ed. 2024) ("To accept something as true until it is shown not to be true."). The Minnesota Legislature's use of "presumed" seems to imply that five days is not automatic and can be rebutted. If it intended the opposite, it could have created a 95-day rule starting on the date of service by mail instead. This certainly would have been easier to apply. But it did not do so. Moreover, the cases Vantage cites are distinguishable because those plaintiffs alleged that they never received the determination letter.

especially given the language used in the MDHR determination letter, the language used in the standard summons issued by the Clerk's Office, and the District's Pro Se Civil Guidebook. However, even *pro se* parties must comply with court procedural rules. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). This is not a situation where the Court can construe something broadly because of a *pro se* party's good efforts. Accordingly, the Court dismisses Count II as time barred.

### IV.   MWA Claim (Count IV)

Vantage argues that Hussey's MWA claim must be dismissed because she has an adequate remedy under the MHRA. (Doc. No. 29 at 16-18.) Hussey agrees that her MWA claim should be dismissed if her MHRA claim survives but argues that it should remain if the MHRA claim is dismissed. (Doc. No. 40 at 20-21.)

Under Minnesota law, a plaintiff cannot maintain a MWA claim that is based on the same conduct as an MHRA claim because of the MHRA's exclusivity provision. *Williams v. St. Paul Ramsey Med. Ctr., Inc.*, 551 N.W.2d 483, 485-86 (Minn. 1996). This is true "even when the MHRA claim is no longer pending." *Miller v. Bd. of Regents of Univ. of Minn.*, No. A18-2140, 2019 WL 4164898, at *5 (Minn. Ct. App. Sept. 3, 2019) (citing *Williams*, 551 N.W.2d at 485-86). Hussey concedes that her MWA and MHRA claims are identical, so she cannot maintain the MWA claim. It does not matter that the Court has dismissed the MHRA claim. Accordingly, the Court dismisses Count IV.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Vantage Financial, LLC's motion to dismiss Plaintiff Patti Hussey's amended complaint (Doc. No. [27]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is granted as to Counts II, III, and IV.

    b. The motion is denied in part as to Count I. Count I remains solely based on sex discrimination, not religious discrimination.

2. Counts II, III, and IV are **DISMISSED WITH PREJUDICE**.

Dated: August 13, 2025
                                            s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge